IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DESHAWN BARNES,<br><br>Plaintiff,<br><br>v.<br><br>PAM BARNES, et al.,<br><br>Defendants. | No. 2:23-CV-0933-TLN-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who, as here, have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

/ / /

/ / /

1

Plaintiff, who is an inmate at California State Prison – Sacramento, names the following as defendants: (1) Pam Barnes, Plaintiff's ex-wife; (2) Pam Green, Plaintiff's ex-wife by her maiden name, and Tajae Barnes, Plaintiff's daughter.  See ECF No. 1, pg. 2.  According to Plaintiff, the action concerns "divorce, change my name, settlement $800 trillion."  Id. at 1.  Plaintiff states that he was married to Pam Barnes in October 1994 when he was 17 years old.  See id. at 3.  Plaintiff further states that, due to irreconcilable differences, he and Ms. Barnes divorced and Ms. Barnes then assumed her prior name of Green.  See id.  Plaintiff claims that Ms. Barnes/Green owes him $800 trillion.  See id.  Plaintiff next references a family court proceeding on March 31, 2023, at which he was to be paid the $800 trillion in cash in a duffle bag.  See id.  Finally, without identifying any particular individuals, Plaintiff claims that "New Folsom prison correctional officers" threatened to kill him if he gets this money.  Id.  The complaint contains no allegations concerning Tajae Barnes.

The Court finds that Plaintiff has not established subject matter jurisdiction.  Under 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  Here, Plaintiff has not identified any Constitutional provision, law, or treaty of the United States which supports his claim, which arises under state family law.  Under 28 U.S.C. § 1332, the district courts have original jurisdiction in civil actions involving citizens of different states.  Here, Plaintiff alleges that Ms. Green lives in Freemont, California.  See ECF No. 1.  Plaintiff does not allege the residency of Defendant Tajae Barnes.  While it is clear that subject-matter jurisdiction based on a federal question does not exist, it is not clear that diversity jurisdiction is absent because Plaintiff does not state the states where the various defendants are citizens.  Plaintiff will be given an opportunity to amend to assert additional facts to support this Court's subject-matter jurisdiction.

/ / /
/ / /
/ / /
/ / /
/ / /

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend.

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated: August 25, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE